Citation Nr: 1237381 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-24 236 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for flat feet.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M. J. In, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1962 to September 1965. This matter comes properly before the Board of Veterans' Appeals (Board) on appeal from an October 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office in Cleveland, Ohio (RO).

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2002); 38 C.F.R. § 20.900(c) (2012).

The appeal is remanded to the RO via the Appeals Management Center in Washington, DC.


REMAND

The Veteran is seeking service connection for flat feet. He claims that the onset of this condition was during his military service. Specifically, he contends that during his basic military training at Fort Knox, he started experiencing discomfort in his feet, for which he used rolled-up socks or rags under his arches to relieve pressure. He further contends that he continued to experience the same problem ever since military service and that he wears arch supports to treat the foot condition.

The Veteran's statements are competent evidence as to the factual matters of which he had first-hand knowledge, such as observable symptoms during and after service. See Layno v. Brown, 6 Vet. App. 465 (1994). Lay evidence may also establish the existence of a current disorder capable of lay observation, such as flat feet. See Barr v. Nicholson, 21 Vet. App. 303 (2007); Charles v. Principi, 16 Vet. App. 370, 374 (2002); and Falzone v. Brown, 8 Vet. App. 398, 405 (1995) (finding that lay person is competent to testify to pain and visible flatness of his feet). It is further noted that the Board may not determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence. See Washington v. Nicholson, 19Vet. App. 362, 368 (2005); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006).

In April 2012, the Board remanded the case for a new VA examination, which was obtained in May 2012. However, the Board again finds that the May 2012 VA examination is inadequate. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that if VA provides a Veteran with an examination in a service connection claim, the examination must be adequate). In its April 2012 remand, the Board found that the previous January 2011 VA examination inadequate because the VA examiner neglected to consider the Veteran's statements concerning symptoms experienced in service and continued after service. The Board further found that the VA examiner failed to address whether the Veteran's claimed symptoms were consistent with his complaints through the years, or whether the complaints are consistent with the current disorder; however, that the examiner determined, incorrectly, that lack of treatment records are the only evidence which can provide the basis for opinion concerning etiology. This continues to be the case. The May 2012 VA examiner adhered to his previous opinion, which was found inadequate by the Board in its April 2012 remand, by simply stating "I opined before [the Veteran's] pes planus is not related to service, no new evidence, c-file silent on foot problems, no change in opinion."

RO compliance with remand directives is not optional or discretionary and the Board errs as a matter of law when it fails to ensure remand compliance. Stegall v. West, 11 Vet. App. 268 (1998). Under these circumstances, the Board finds that another remand is required to ensure compliance with prior remand.

Accordingly, the case is remanded for the following actions:

1. The RO must obtain a medical opinion, from an appropriate VA examiner other than the January 2011 and May 2012 examiner. The claims file and all records on Virtual VA must be made available to the examiner, and the examiner must specify in the report that the claims file and Virtual VA records have been reviewed. The examiner must specify the dates encompassed by the Virtual VA records reviewed.

Following a thorough review of the evidence of record, and with consideration of the Veteran's statements regarding observable symptomatology, the examiner must provide an opinion as to whether the currently diagnosed pes planus was caused or aggravated by the Veteran's military service. In rendering this opinion, the examiner must consider and specifically address the Veteran's statements concerning symptoms experienced in service and continued after service and whether these symptoms are related to the currently diagnosed pes planus.

A complete rationale for all opinions must be provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. The report prepared must be typed.

2. The examination report must be reviewed to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures. See Stegall, 11 Vet. App. at 271.

3. After completing the above actions, the RO must readjudicate the Veteran's claim, taking into consideration any and all evidence that has been added to the record since its last adjudicative action. If the benefit on appeal remains denied, the Veteran and his representative must be provided a supplemental statement of the case and given an appropriate opportunity to respond. Thereafter, the case must be returned to the Board for appellate review.

4. THIS APPEAL HAS BEEN ADVANCED ON THE BOARD'S DOCKET. Expedited handling is required.

No action is required by the Veteran until he receives further notice; however, the Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).